# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2021

Lyle W. Cayce
Clerk

No. 20-50896
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Adan Suke, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-40-1

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Adan Suke, Jr. was convicted by a jury of: voluntary manslaughter, in violation of 18 U.S.C. § 1112; and assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113 and 1153. He was sentenced to, *inter alia*, an above-Sentencing Guidelines term of 144 months' imprisonment on the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

manslaughter count and a concurrent, within-Guidelines term of 120-months on the assault count. Suke challenges his sentencing, contending: his conduct did not constitute obstruction of justice; he accepted responsibility; and his sentence was substantively unreasonable.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In asserting the district court erred in assessing a two-level sentencing enhancement for obstruction of justice, Suke maintains his recorded jailhouse-telephone call, asking his sister to influence the victim's family to drop the charges against him, could not constitute obstruction because the victim's family members were not witnesses, codefendants, or jurors, citing Guideline § 3C1.1, cmt. n.4(A). Suke's assertion is incorrect: the victim's sister was called as a Government witness at trial. He provides no authority for his assertion the term "witness", as used in the Guideline commentary, is limited only to eyewitnesses to the offense. *See* U.S.S.G. § 3C1.1, cmt. n.4(A) (providing a "non-exhaustive list" of covered conduct, including "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so"). Suke's conduct constituted obstruction in the light of the record. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008) (explaining "no

clear error if the district court's finding is plausible in light of the record as a whole").

For challenging the court's not awarding him credit for acceptance of responsibility, pursuant to Guideline § 3E1.1 (acceptance of responsibility), Suke contends the court erroneously disqualified him by virtue of having exercised his right to trial. Suke asserts his is the rare jury-trial proceeding that warrants the reduction because he proceeded to trial only to raise self-defense.

Suke, however, did not truthfully admit all of the conduct comprising his offense. He denied striking the victim in the head multiple times and causing his death, therefore, contesting essential elements of his factual guilt. *See* U.S.S.G. § 3E1.1, cmt. n.2 (explaining "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse"). Moreover, Suke fails to brief any challenge to the alternative reasons the court gave for denying the reduction, such as remaining a fugitive from justice for many years, and has, therefore, abandoned them. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (stating inadequately briefed contentions in counseled briefs deemed abandoned).

For his final challenge, Suke asserts the 144-month, above-Guidelines sentence on the manslaughter count is substantively unreasonable as being greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a) and was unsupported by reasons not already accounted for by the Guidelines. (Suke does not challenge the within-Guidelines sentence for the assault count.) The court based the sentence on the § 3553(a) sentencing factors, considering the trial evidence, the presentence investigation report, and the facts adduced at sentencing, which included the Government's request for

an above-Guidelines sentence based on the brutality of the offense and the effects Suke's absconding from and delaying justice had on the victim's family. *See* §§ 3553(a)(1), (a)(2)(A)–(B) (factors to be considered in imposing a sentence). Although Suke's status as a fugitive was considered as a basis for the acceptance-of-responsibility denial, the court did not err in relying on that fact as additional support for an upward variance. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (explaining "the sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors . . . and may adjust the sentencing accordingly" (quotation omitted)). Because Suke does not show the court failed to account for a factor that should have received significant weight, relied on an improper factor, or made a clear error of judgment in balancing the sentencing factors, he fails to show his sentence is substantively unreasonable. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (noting standard for whether a non-Guidelines sentence is unreasonable, and that review is "highly deferential" to sentencing court (citation omitted)).

AFFIRMED.